**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

TRYNUN PATTERSON,

Petitioner,

v.

EDWARD J. SILVA,

Respondent.

Case No. 2:25-cv-09562-JWH-DSR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus,[1] the Motion of Respondent Edward J. Silva to Dismiss the Petition,[2] all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.[3] The Court notes that Petitioner Trynun Patterson did not file an Opposition to the Motion to Dismiss. He did file, however, a "Written Statement of Objection" to the R&R on August 10, 2026.[4]

The Court has considered Patterson's Objection and has conducted a *de novo* review of those portions of the R&R to which Patterson objected.

Patterson, who is serving a sentence of life without parole for first-degree murder, challenges the order of the Los Angeles County Superior Court denying his petition for resentencing under Cal. Penal Code § 1172.6.[5] The state court denied the petition after finding that Patterson had been a major participant in a robbery and that he had acted with reckless indifference to human life. The California Court of Appeal later affirmed that finding as supported by substantial evidence. *See People v. Patterson*, 2025 WL 1087973, at *5 (Cal. App. Apr. 11, 2025). The R&R recommends that this Court grant Silva's Motion to dismiss the Petition filed in this case as not cognizable in federal habeas and that this Court dismiss this action with prejudice. Patterson's objections to the R&R do not merit a different result.

Patterson objects on the ground that he has stated a cognizable constitutional claim based upon the denial of equal protection.[6] Specifically,

---

1 Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].

2 Resp't's Mot. to Dismiss the Petition (the "Motion") [ECF No. 8].

3 Report and Recommendation (the "R&R") [ECF No. 10].

4 Pet'r's Written Statement of Obj. (the "Objections") [ECF No. 12].

5 Petition 3.

6 Objections 7.

Patterson alleges that he was denied equal protection when the California Court of Appeal found that Patterson had forfeited his argument that his youth at the time of the murder should have been a factor for resentencing, because Patterson had failed to present that argument to the state trial court.[7] The Court agrees with the R&R that Patterson's mere characterization of his claim as implicating equal protection "cannot transform the non-cognizable state-law issues presented into cognizable ones."[8] Moreover, Patterson's equal protection theory is misplaced because he does not identify a suspect classification and does not provide any evidence suggesting that similarly situated defendants would have avoided forfeiture on appeal despite their failure to present their sentencing arguments before the state court. Finally, the California Court of Appeal ***did*** consider the merits of Patterson's argument about his youth at the time of the murder and found that, "even considering [Patterson's] age, the totality of the circumstances supports a finding that [Patterson] acted with reckless indifference to human life." *Patterson*, 2025 WL 1087973, at *4.

Patterson also objects on the ground that he has stated a cognizable constitutional claim based upon due process.[9] Specifically, Patterson alleges that he was denied due process because it was "arbitrary or capricious" for the California Court of Appeal to determine that Patterson's youth at the time of the murder was not a mitigating factor for resentencing.[10] The Court agrees with the R&R that Patterson cannot transform his non-cognizable state-law issue into

---

7 *Id*. at 8.

8 R&R 6:5-11.

9 Objections 9.

10 *Id*.

a cognizable one merely by alleging a due process violation.[11] In any event, it was not arbitrary and capricious for the California Court of Appeal to find that substantial evidence supported the state trial court's denial of the resentencing petition. The California Court of Appeal explained in detail why, despite Patterson's youth at the time of the crimes, the evidence supported the finding that Patterson acted with reckless indifference to human life:

- Patterson knew that at least three firearms would be used in the robbery;
- he displayed one of the firearms as his codefendant used another firearm to inflict the fatal injury;
- he actively participated in subduing one of the victims;
- he refused to keep the door open so as to prevent detection of the robbery and impede escape;
- he did nothing to stop his codefendant from beating and shooting the murder victim;
- he was aware of his codefendant's propensity for violence;
- he did nothing to minimize the risk of violence or aid the victim; and
- he exhorted the other robbers to flee immediately after the shooting.

*See Patterson*, 2025 WL 1087973, at *4. Under the arbitrary-and-capricious standard, a federal court is not permitted "to peer majestically over the [state] court's shoulder so that [the federal court] might second-guess its interpretation of facts that quite reasonably—perhaps even quite plainly—fit within the statutory language." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citation omitted).

Having conducted a *de novo* review, the Court concludes that Patterson's Objection does not cause it to alter or modify the Report and Recommendation.

Accordingly, the Court hereby **ORDERS** as follows:

---

[11] *See* R&R.

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Silva's Motion to dismiss the Petition is **GRANTED**.

3. Judgment will be entered **DISMISSING** this action **with prejudice**.

4. The Clerk is **DIRECTED** to serve copies of this Order and the Judgment herein on the parties at their addresses of record.

**IT IS SO ORDERED.**

Dated: September 4, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE